## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **CHRISTINE M. MOORE and MICHAEL MOORE,** | § § § | |
| *Plaintiffs*, | § | **CIVIL ACTION NO:** |
| **vs.** | § § | |
| | § | |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); PRISCILLA ALMODOVAR; PETER AKWABOAH; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP; JOSEPH M. VACEK; SHELLEY NAIL TRUSTEE; OCWEN LOAN SERVICING, LLC; MACKIE WOLF ZIENTZ & MANN, PC; ISRAEL SAUCEDO; ALDRIDGE PITE LLP; WILLIAM JARRELL; PAUL MARCHUK; TREVOR SHOELS; FREEDOM MORTGAGE CORPORATION; DAVID COBOS; and MARVIN MOORE,** | § § § § § § § § § § § § § § § § | |
| *Defendants*. | § | |

## NOTICE OF REMOVAL

Defendants PHH Mortgage Corporation ("PHH"), incorrectly named Ocwen Loan Servicing, LLC,[1] and Federal National Mortgage Association ("Fannie Mae," collectively herein "Defendants") hereby give notice of the removal of the state court civil action described below. As grounds for the removal, Defendants respectfully state the following:

### I.  INTRODUCTION

1.      On May 9, 2025, Plaintiffs Christine M. Moore and Michael Moore ("Plaintiffs") filed their Original Petition to Set Aside Foreclosure, Quiet Title, Fraud and Civil Rights

---

[1] Plaintiffs incorrectly name "Ocwen Loan Servicing, LLC" in the Petition. As Ocwen is no longer a legal entity, PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing LLC, appears on behalf of Ocwen.

Violations, under Cause No. DCV-25-00882, in the 385th Judicial District Court of Midland County, Texas (the "Petition").

2.      In the Petition, Plaintiffs allege that Defendants foreclosed on the real property located at 1001 S County Road 1060, Midland, Texas 79706 (the "Property") on December 15, 2015, without clear and lawful authority to do so.[2]  In addition to wrongful foreclosure, Plaintiffs allege fraud, fraudulent misrepresentation, civil conspiracy, abuse of process, "[d]eprivation of Rights under Color of Law (42 U.S.C. § 1983)" and "Violation of Texas Constitutional Rights (Article 1, Section 19)."[3]  Plaintiffs seek "Actual Financial Damages of $11,140,287.36," and "emotional distress damages claimed [to] exceed $250 million,"[4] unspecified punitive, exemplary, constitutional and civil rights damages.

3.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II.  TIMELINESS OF NOTICE OF REMOVAL

4.      Ocwen was served with citation in this matter by certified mail on June 25, 2025; therefore, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b).[5]

## III.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because this action is

---

[2] See Compl. § 3.
[3] See Compl. § 4.
[4] See Compl. § 5.
[5] See also Thompson v. Deutsche Bank Nat'l Tr. Co., 775 F.3d 298, 303 (5th Cir. 2014) (citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").

between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Complete diversity exists.

6.     Complete diversity exists because Plaintiffs and Defendants are not citizens of the same state.

7.     Plaintiffs Christine M. Moore and Michael Moore are individuals, citizens and residents of Midland County, Texas.[6]

8.     Defendant FNMA is a corporation chartered by an act of Congress with its principal place of business in the District of Columbia.[7]

9.     Defendant PHH is a New Jersey Corporation with its principal place of business located at 1 Mortgage Way, Mt. Laurel, New Jersey 08054. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[8] Therefore, for diversity purposes, PHH is a citizen of New Jersey.

10.     Defendant Freedom Mortgage is a New Jersey corporation with its principal place of business in Florida. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[9] Therefore, Freedom Mortgage is a citizen of New Jersey and Florida for purposes of diversity jurisdiction.

### B. The citizenship of the remaining Defendants, to the extent they have been named as parties, should be disregarded for diversity analysis.

#### i.     The remaining Defendants are all improperly joined.

---

[6] *See* Compl., § 3; *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (For purposes of determining citizenship, "[e]vidence of a person's place of residence [] is prima facie proof of his domicile.").

[7] *See* 28 U.S.C. § 1442; 12 U.S.C. §1717(a)(2)(B) (Fannie Mae "shall maintain its principal office in the District of Columbia or the metropolitan area thereof and shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation."); *Hayward v. Chase Home Fin., LLC*, 3:10-CV-2463-G, 2011 WL 2881298, at *3 (N.D. Tex. July 18, 2011) (concluding that "Fannie Mae is a citizen of the District of Columbia" for diversity purposes).

[8] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).

[9] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).

11.     Plaintiffs' Complaint also names Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"); Mackie Wolf Zientz & Mann, PC ("Mackie Wolf"); Aldridge Pite LLP ("Aldridge Pite"), and Priscilla Almodovar, Peter Akwaboah, Joseph M. Vacek, Israel Saucedo, William Jarrell, Paul Marchuk, Trevor Shoels, David Cobos, Marvin Moore and Shelley Nail as substitute trustee(s) ("Substitute Trustees," and collectively with Barrett Daffin, Mackie Wolf, Aldridge Pite, the "Improper Parties").   Plaintiffs assert no viable causes of action against the Improper Parties.   They are solely listed in the style of the case as parties, but there are no allegations against them. Therefore, their citizenship is irrelevant for diversity purposes. To the extent that Plaintiffs intend to name them as parties, they are all improperly joined as defendants, and their citizenship should be disregarded for purposes of diversity jurisdiction.

12.     Diversity jurisdiction cannot be destroyed when a plaintiff improperly joins a non-diverse defendant.[10] Improper joinder occurs when there is no reasonable possibility that the plaintiff can establish a cause of action against the non-diverse party in state court.[11]

13.     Moreover, in determining diversity jurisdiction, a district court considers only the citizenship of real and substantial parties to the controversy and disregards nominal or formal parties who have no real interest in the dispute.[12] A party is "nominal" if it does not have a real interest in the outcome of the litigation.[13] A plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal.[14] Whether a party is nominal "depends

---

[10] *McKee v. Kansas City Southern Rail Road Co.*, 358 F.3d 329, 333 (5th Cir. 2004).

[11] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). To avoid improper joinder, a plaintiff must be able to show that there is "a reasonable basis for predicting that the state law might impose liability on the facts involved . . . . This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).

[12] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

[13] *Id.*

[14] *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–cv–592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); *see also Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) ("In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the

on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable."[15]

14.    This Court can enter a final judgment in this case without the Improper Parties because they have no interest in the outcome of the litigation. They have no interest in the property, the Note, or the Deed of Trust, and have had no dealings with Plaintiffs outside of their role as foreclosure counsel and/or substitute trustees. Accordingly, the Improper Parties are nominal defendants, and this Court should disregard their citizenship for diversity purposes.[16]

15.    Additionally, Barrett Daffin, Mackie Wolf and Aldridge Pite are law firms and named in their capacity as foreclosure counsel and/or eviction counsel for other remaining defendants. As such, the attorney immunity doctrine bars Plaintiffs' claims.[17] The doctrine is intended to ensure "loyal, faithful, and aggressive representation by attorneys employed as advocate."[18] The doctrine is necessary "to avoid the inevitable conflict that would arise if [an attorney] were forced constantly to balance his own potential exposure against his client's best interest."[19] Dismissal based on the attorney immunity defense is proper when "the scope of the attorney's representation-and thus entitlement to the immunity-[i]s apparent on the face of the complaint."[20]  Because Barrett Daffin, Mackie Wolf and Aldridge Pite were acting within the scope of representation of their client and there is no evidence of independent misconduct, the

---

lawsuit."); *Navarro*, 446 U.S. at 461 ("Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

[15] *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (internal quotations omitted).

[16] *See, e.g., Marsh v. Wells Fargo.*, 760 F. Supp. 2d at 706-07; *Cooper v. Barrett Daffin Frappier Turner & Engel, L.L.P., et. al*, No. 3:07-CV-0427-G, 2008 WL 1848453 (N.D. Tex. Apr. 22, 2008); *Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 610-11 (N.D. Tex. 2009); *Travis*, 326 F.3d at 648.

[17] *See Cantey Hanger v. Byrd,* 467 S.W.3d 477, 481 (Tex. 2015)("[T]here is consensus among the courts of appeals that, as a general rule, attorneys are immune from civil liability to non-clients for actions taken in connection with representing a client in litigation.")

[18] *Id.*

[19] *Id.* at 483.

[20] *Kelly v. Nichamoff,* 868 F.3d 371, 375 (5th Cir. 2017).

claims against Barrett Daffin, Mackie Wolf and Aldridge Pite must be dismissed.[21]  Because there is no reasonable basis for recovery against the substitute trustee or the law firm, they are improperly joined.  Their citizenship must be disregarded for purposes of determining diversity.

16.     Plaintiffs also name of litany of individuals that appear in their roles as substitute trustees, specifically Priscilla Almodovar, Peter Akwaboah, Joseph M. Vacek, Israel Saucedo, William Jarrell, Paul Marchuk, Trevor Shoels, David Cobos, Marvin Moore and Shelley Nail as defendants in the Complaint.[22]  Plaintiffs do not make any allegations of wrongdoing or articulate any claims against the substitute trustees.[23] Regardless, a substitute trustee is not a necessary party for the Plaintiffs to obtain relief, and their citizenship can be disregarded for the purposes of diversity under Texas law.

17.     Accordingly, complete diversity of citizenship exists between Plaintiffs and the properly named Defendants.

**B.     The amount in controversy exceeds $75,000.00.**

18.     Plaintiffs expressly seek monetary relief over $11 million in the Complaint.[24]  In addition to monetary relief, Plaintiffs seek an injunction preventing defendants from "transferring, selling, occupying, or encumbering the Property" and the claimed injury is the potential loss of use and ownership of the Property.[25]

19.     The Fifth Circuit has repeatedly held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[26]  The "object of the litigation" is "the value of the right to be protected

---

[21] *See Burke v. Ocwen Loan Servicing, L.L.C.,* 855 F. App'x 180, 187 (5th Cir. 2021)(affirming dismissal with prejudice of suit against mortgage servicer's attorneys based upon attorney immunity).
[22] *See* Compl.
[23] *Id.*
[24] Compl. ¶ 5.
[25] *See* Compl. ¶ 6.
[26] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

or the extent of the injury to be prevented."[27] Consequently, when a party seeks injunctive relief in the form of a temporary restraining order or temporary injunction to prevent a defendant from foreclosing on his property, the value of the property is included in the amount in controversy.[28] This is because if a party's request for injunctive relief is denied, he could lose title to the property and this "loss [] must be taken into consideration in determining the total amount in controversy."[29]

20.     In this instance, the value of the Property is at least $105,980.[30] Therefore, based on the relief sought by Plaintiffs in the Complaint, the amount in controversy exceeds $75,000.00.

## IV.    BASIS FOR REMOVAL: FEDERAL QUESTION

21.     This Court also has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the Complaint enumerates claims for deprivation of rights pursuant to 42 U.S.C. § 1983.[31]  Federal question jurisdiction under 28 U.S.C. § 1331 "exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[32] Claims for relief under the 42 U.S.C. §1983 indisputably involve a question of federal law upon which removal may be based.[33]

---

[27] *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).
[28] *Farkas*, 737 F.3d at 341; *Govea v. JPMorgan Chase Bank*, N.A., No. CIV.A. H-10-3482, 2010 WL 5140064, at *3 (S.D. Tex. Dec. 10, 2010); *Lovett v. HSBC Mortg. Services, Inc.*, No. 3:13-CV-3593-O, 2014 WL 547031, at *3 (N.D. Tex. Feb. 11, 2014); *see also Jackson v. Bank of Am., N.A.*, No. 3:13-CV-4093-L, 2014 WL 2616872, at *3 (N.D. Tex. June 12, 2014).
[29] *See Govea*, 2010 WL 5140064 at *3 ("Consequently, if their request is denied, the [plaintiffs] could lose title to the property, a loss that must be taken into consideration in determining the total amount in controversy.").
[30] *See* Midland County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Midland County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source—the Midland County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).
[31] *See* Complaint, § 5.
[32] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (citation and internal quotations omitted).
[33] *See* 42 U.S.C. §1983; *Grable*, 545 U.S. at 312.

22.     Additionally, the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' state law claims because they share a common nucleus of operative facts with this federal claim.[34]

## V.  VENUE

23.     Venue for this Removal is proper in the United States District Court for the Western District of Texas, Midland-Odessa Division, because this district and division includes Midland County, Texas—the location of the pending state court action.[35]

## VI.  ADDITIONAL REQUIREMENTS

24.     Written Notice of Removal will be provided to Plaintiffs and filed with the District Clerk of Midland County, Texas.

25.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

26.     All properly served defendants have consented to this removal, as required by 28 U.S.C. § 1446(b)(2)(A).

27.     In the event that Plaintiffs seek to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

28.     Plaintiffs made demand a jury trial in the Petition.[36]

WHEREFORE, having satisfied the requirements for removal, Defendants give notice that Cause No. DCV-25-00882, in the 385th Judicial District Court of Midland County, Texas has been removed to this Court.

---

[34] *See e.g., Good v. Prof-2013-S3 Legal Title Tr. IV,* 2018 WL 654550, at *3 (N.D. Tex. 2018) (finding supplemental jurisdiction where state law and federal claims were based on the same alleged wrongful conduct relating to foreclosure proceedings).
[35] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(d)(7).
[36] *See* Compl. at Punitive (Exemplary) Damages under § 5.

Respectfully submitted,

By: _/s/ Kathryn B. Davis_____
**Kathryn B. Davis**
Texas Bar No. 24050364
kdavis@mcglinchey.com
**THOMAS W. WHITE, JR.**
State Bar No. 24102645
twhite@mcglinchey.com
**MCGLINCHEY STAFFORD**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone :  (713) 520-1900
Facsimile:   (713) 520-1025
*Attorneys for Defendants*

## CERTIFICATE AND NOTICE OF FILING

I certify that on July 25, 2025, the foregoing Notice of Removal was filed with the District Clerk of Midland County, Texas, and that written notice of filing of the Notice of Removal was served upon Plaintiffs.

_/s/ Kathryn B. Davis_____
**Kathryn B. Davis**

## CERTIFICATE OF SERVICE

I certify that on July 25, 2025, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties by operation of the Court's electronic filing system or by other means in accordance with the FEDERAL RULES OF CIVIL PROCEDURE as indicated below.

*Via Certified Mail, RRR*
*Tracking No. 9414 7266 9904 2207 9357 91*
*and First Class Mail*
Christine M. Moore
Michael Moore
1001 S County Rd 1060
Midland, TX 79706
*Plaintiffs*

_/s/ Kathryn B. Davis_____
**Kathryn B. Davis**