**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **CHRISTINE M. MOORE and MICHAEL MOORE,** *Plaintiffs,* | § § § § § § § § § § § § § § | |
| **v.** | | **MO:25-CV-00326-DC** |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,** *Defendants.* | | |

## ORDER

Before the Court are United States Magistrate Judge Ronald C. Griffin's reports and recommendations (Docs. 30, 31, 32, 33) concerning Defendants' various motions to dismiss (Docs. 25, 5, 11, 12, respectively). The R&Rs collectively dismissed from the case Defendants Barrett Daffin Frappier Turner & Engel, LLP, Shelley Nail, and Freedom Mortgage Corporation. Claims were also dismissed against Defendants Fannie Mae and PHH Mortgage Corporation. Because objections were timely filed, this Court reviews *de novo*, finding no error.

In their objections, Plaintiffs assert that (1) the case was improperly removed and jurisdiction has not been established; (2) Defendants do not have standing; (3) the R&Rs relied on state proceedings found to be void; (4) the R&Rs were not timely served on Plaintiffs; and (5) Plaintiffs do not consent to the Magistrate Judge disposing of the case.

Several of these objections are frivolous and thus easily disposed of. First, the Magistrate Judge already determined that there is proper jurisdiction. Doc. 31 at 2. Second, Defendants do not need standing. Article III of the United States Constitution requires

standing to bring a lawsuit, not defend one. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 414 (2021). Third, the R&Rs were properly mailed to Plaintiffs via certified mail,[1] (Doc. 39), which were returned as undeliverable (Doc. 43). After the Court issued a show cause order (Doc. 38), Plaintiffs came to collect their R&Rs in person (Doc. 43). The Court then extended the objection deadline accordingly (Docs. 44, 48). Plaintiffs have since filed their objections (Doc. 50). And the Court is resolving the objections despite a deficiency in the filing format of those objections. Nothing in these facts "preclude[s] adoption" of the R&R. (Doc. 50). Fourth, Plaintiffs "express non-consent to Magistrate disposition" misunderstands the magistrate judge's role. The R&R is not a "final disposition" by a magistrate judge; it is a recommendation only, and this Court conducts *de novo* review of any properly preserved objections before entering any dispositive order. Accordingly, Plaintiffs' lack of consent does not bar the magistrate judge from recommending dismissal and provides no basis to reject the R&R.

As to Plaintiffs' final argument—concerning "reliance on void or post-vacatur proceedings," the Court does not understand the objection and therefore cannot rule on it. The entirety of the objection on these grounds reads:

> The Reports and Recommendations implicitly rely on state-court proceedings that Plaintiffs allege were void or carried forward after vacatur. Federal jurisdiction cannot be predicated on void proceedings. The magistrate judge erred by assuming the validity of such proceedings rather than resolving jurisdictional defects first.

---

[1] The R&Rs were initially improperly sent via regular mail. The Court asked the Clerk of Court to resend the R&Rs via certified mail and extended the objection deadlines accordingly.

Doc. 50 at 4. The Court does not understand what state proceedings were "void or carried forward after vacatur." And the Magistrate Judge handled the jurisdictional questions.

All of Plaintiffs' objections are baseless. And because of that, they are **OVERRULED**. The Court **ADOPTS** the relevant reports and recommendations.

It is so **ORDERED**.

SIGNED this 24th day of February 2026.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE