**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **CHRISTINE M. MOORE and MICHAEL MOORE,** *Plaintiffs*, | § | |
| **v.** | § | **MO:25-CV-00326-DC-RCG** |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); PRISCILLA ALMODOVAR; PETER AKWABOAH; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP; JOSEPH M. VACEK; SHELLEY NAIL TRUSTEE; OCWEN LOAN SERVICING, LLC; MACKIE WOLF ZIENTZ & MANN, PC; ISRAEL SAUCEDO; ALDRIDGE PITE LLP; WILLIAM JARRELL; PAUL MARCHUK; TREVOR SHOELS; FREEDOM MORTGAGE CORPORATION; DAVID COBOS; and MARVIN MOORE;** *Defendants*. | § | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

BEFORE THE COURT is the status of this case following the Court's prior Report and Recommendation denying remand and finding several nondiverse defendants improperly joined, and Plaintiffs' Response to the Court's May 22, 2026, Show Cause Order. (Docs. 27, 61, 63).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After reviewing the relevant filings, the applicable law, and Plaintiffs' show cause Response, the Court **RECOMMENDS** the remaining nondiverse, improperly joined defendants be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and the claims against the unserved diverse defendants be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m).

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

## I. BACKGROUND

Plaintiffs Christine Moore and Michael Moore, proceeding *pro se*, filed this action in the 385th Judicial District Court of Midland County, Texas, asserting claims for wrongful foreclosure, quiet title, fraud, and civil rights violations arising from the December 2015 foreclosure on, and subsequent eviction from, their home located at 1001 S. County Road 1060, Midland, Texas. (Doc.1-1). Plaintiffs allege Defendants foreclosed on the property without lawful authority, fabricated or forged instruments affecting title, and used those instruments to obtain their eviction, and they seek substantial actual and punitive damages. *Id.* On July 25, 2025, Defendants PHH Mortgage Corporation ("PHH") and Federal National Mortgage Association ("Fannie Mae") removed the case to this Court based on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). Plaintiffs moved to remand arguing the presence of multiple Texas-based defendants destroyed complete diversity and removal was therefore improper. (Doc. 16).

On December 1, 2025, the Court issued a Report and Recommendation ("R&R") recommending Plaintiffs' Motion to Remand be denied. (Doc. 27.) First, the Court concluded Defendants PHH, Fannie Mae, and Freedom Mortgage Corporation were properly joined and completely diverse from Plaintiffs. *Id.* Then, applying the Fifth Circuit's improper joinder framework, the Court found Plaintiffs failed to state a viable cause of action against the Texas-based defendants, including Barrett Daffin; Mackie Wolf; and individual substitute trustees Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos; and Marvin Moore (collectively, "Substitute Trustees"). *Id.* The Court therefore deemed those Defendants improperly joined, disregarded their Texas citizenship for purposes of assessing diversity, and concluded complete diversity—and thus subject matter jurisdiction—

existed. *Id.* The District Court adopted that R&R and Plaintiffs' Motion to Remand was effectively denied. (Doc. 29.)

On January 13, 2026, the Court issued additional R&R's recommending Defendants Barrett Daffin; Shelley Nail; Freedom Mortgage Corporation; and PHH and Fannie Mae's motions to dismiss be granted. (Docs. 30, 31, 32, 33). The District Court subsequently adopted those R&R's and dismissed those Defendants. (Doc. 56). These dismissals left Mackie Wolf; Aldridge Pite; and Substitute Trustees Priscilla Almodovar; Peter Akwaboah; Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos, and Marvin Moore as Defendants.

On May 22, 2026, the Court issued a Show Cause Order recounting the earlier improper joinder determination, noted Defendants Barrett Daffin; Shelly Nail; Freedom Mortgage Corporation; PHH; and Fannie Mae "have since been dismissed," and reiterated Defendants Mackie Wolf and Substitute Trustees Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos, and Marvin Moore had been found improperly joined. (Doc. 61). The Order further explained any nondiverse defendant previously found to have been improperly joined "must be dismissed without prejudice," and it directed Plaintiffs to identify the citizenship of each remaining defendant and demonstrate complete diversity exists. Further, it required Plaintiffs to show cause why claims against any unserved diverse defendants should not be dismissed under Federal Rule of Civil Procedure 4(m). *Id.* at 2–3.

On June 5, 2026, Plaintiffs filed a detailed Response to the Order to Show Cause. (Doc. 63). In a table and joint declaration, Plaintiffs identified the citizenship of the remaining defendants, asserting Mackie Wolf is a Texas corporation and Substitute Trustees Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos; and Marvin

Moore are Texas residents. *Id.* Plaintiffs further discuss Aldridge Pite, Priscilla Almodovar, and Peter Akwaboah, but their Response does not affirmatively allege those Defendants' citizenship or domicile; nonetheless, the Court has treated these Defendants as diverse for purposes of subject matter jurisdiction. In sum, following the dismissal of Defendants Barrett Daffin; Shelly Nail; Freedom Mortgage Corporation; PHH; and Fannie Mae, the remaining nondiverse Defendants previously held to be improperly joined include Mackie Wolf and Substitute Trustees Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos; and Marvin Moore, while the remaining diverse Defendants include Aldridge Pite—which has appeared through counsel—Priscilla Almodovar, and Peter Akwaboah, who remain unserved.

## II. Legal Standard

"When, as here, a court determines that a nondiverse party has been improperly joined . . . that party *must* be dismissed without prejudice." *Int'l Energy Ventures*, 818 F.3d at 209. If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party. *Id.* "[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Therefore, as long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself. *Int'l Energy Ventures*, 818 F.3d at 209. This is because "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 622 (2002). This limited authority permits the court to grant a motion to remand if a nondiverse party is properly joined. *Int'l Energy Ventures*, 818 F.3d at 209. It also permits the court to deny such a motion if a party is improperly joined and, in so doing, to dismiss the party that has been improperly joined. *Id.*

## III. Discussion

### A. Improper Joinder and Nondiverse Defendants

In the R&R denying remand, the Court found Plaintiffs failed to state a viable claim against Mackie Wolf and Substitute Trustees Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos; and Marvin Moore and therefore concluded those defendants were improperly joined for purposes of diversity jurisdiction. (Doc. 27). The District Court subsequently adopted that R&R. (Doc. 29). Plaintiffs' Response to the Court's Show Cause Order now supplies the Court with the citizenship information that was missing from the original pleadings. (Doc. 63). Specifically, Plaintiffs' state Mackie Wolf is a Texas corporation and Substitute Trustees Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos; and Marvin Moore are Texas residents. *Id.* Plaintiffs also confirm their own Texas residence. *Id.* These allegations establish the remaining Defendants at issue in this jurisdictional analysis—Mackie Wolf; Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos; and Marvin Moore—are nondiverse from Plaintiffs.

Under *Int'l Energy Ventures*, once the Court has determined a nondiverse defendant is improperly joined, that defendant "must be dismissed" because the Court never acquires subject matter jurisdiction over that party. 818 F.3d at 209. Indeed, the Court's Show Cause Order expressly advised Plaintiffs any nondiverse defendant previously found to be improperly joined would have to be dismissed in accordance with *Int'l Energy Ventures*. (Doc. 61). Accordingly, consistent with the Court's prior improper joinder ruling, *Int'l Energy Ventures*, and Plaintiffs' own citizenship allegations, the Court finds Defendants Mackie Wolf; Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos; and Marvin Moore are nondiverse and improperly joined and therefore **RECOMMENDS** they be **DISMISSED**

**WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Int'l Energy Ventures*, 818 F.3d at 209.

**B. Remaining Defendants and Rule 4(m) Issues**

That leaves us with Defendants Aldridge Pite, Priscilla Almodovar, and Peter Akwaboah. As to Defendants Priscilla Almodovar and Peter Akwaboah, more than 90 days have elapsed since this action was filed, and the docket still reflects no proof of service or waiver of service as to either of them. Plaintiffs were expressly ordered to complete service within a specified time and admonished failure to do so could result in dismissal; yet, since filing their June 5, 2026, Response to the Order to Show Cause, Plaintiffs have taken no further steps to serve Defendants Priscilla Almodovar and Peter Akwaboah. (Docs. 61, 63).

Federal Rule of Civil Procedure 4(m) provides if a defendant is not served within 90 days after a complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," absent a showing of good cause. *See* FED. R. CIV. P. 4(m). In light of Plaintiffs' continued inaction, the Court finds Plaintiffs have not shown good cause and dismissal of the claims against Defendants Priscilla Almodovar and Peter Akwaboah without prejudice is warranted under Rule 4(m). Accordingly, the Court **RECOMMENDS** Defendants Priscilla Almodovar and Peter Akwaboah be **DISMISSED WITHOUT PREJUDICE**.

Lastly, the record reflects Defendant Aldridge Pite has appeared through counsel. (Doc. 18). Under the Fifth Circuit's improper joinder framework, the jurisdictional inquiry is used solely to determine whether the Court has diversity jurisdiction over *nondiverse* parties; it does not authorize dismissal of a diverse, appearing defendant on improper joinder grounds. *See Int'l Energy*, 818 F.3d at 210. Thus, the dismissals recommended above are limited to the

nondiverse defendants over whom the Court never acquired subject matter jurisdiction. *Id.* Accordingly, if the recommended dismissals are adopted, Aldridge Pite will be the only remaining defendant in this action.

## IV. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** Defendants Mackie Wolf; Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos; and Marvin Moore be **DISMISSED WITHOUT PREJUDICE** as nondiverse defendants previously determined to have been improperly joined. The Court further **RECOMMENDS** the claims against Defendants Priscilla Almodovar and Peter Akwaboah be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m). Lastly, for purposes of clarification, if this R&R is adopted, Aldridge Pite—having appeared through counsel and treated as diverse for jurisdictional purposes—will be the sole remaining defendant in this action.

SIGNED this 7th day of July, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).