**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **CHRISTINE M. MOORE and MICHAEL MOORE,** *Plaintiffs,* | § | |
| **v.** | § | **MO:25-CV-00326-DC** |
| **PRISCILLA ALMODOVAR,** ***et al.*****,** *Defendants.* | § | |

**ORDER**

Before the Court is United States Magistrate Judge Ronald C. Griffin's Report and Recommendation (Doc. 69). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Magistrate Judge filed his report and recommendation on July 7, 2026.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiffs timely filed objections (Doc. 85). The Court has conducted a *de novo* review of those portions of the R&R to which Plaintiffs lodged specific objections and reviewed the remainder for clear error. General, conclusory, frivolous, or unrelated objections do not

require de novo review. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987); *Nettles v. Wainwright,* 677 F.2d 404, 410 n. 8 (5th Cir. 1982) (en banc).

Plaintiffs' objections contain numerous misstatements of law and the record, along with generalized grievances not clearly tied to a particular finding or recommendation in the R&R. Their principal objection is that the Magistrate Judge failed to consider an amended complaint. But Plaintiffs filed that pleading without leave of Court and outside Rule 15(a)(1)'s amendment-as-of-right window, and it was therefore properly struck. An amendment filed without required leave "ha[s] no legal effect." *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). Moreover, a later pleading cannot retroactively alter the improper-joinder inquiry, which focuses on the plaintiff's pleadings at the time of removal. *Cavallini v. State Farm Mutual Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Plaintiffs' objection regarding the amended complaint is therefore overruled.

Plaintiffs' remaining objections likewise identify no error in the R&R. In particular, Plaintiffs' *pro se* status and asserted hardships do not establish good cause for their continued failure to accomplish service, and the Court declines to grant a further discretionary extension. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

*Pro se* status and a "Certification of Citation Verification Under Rule 11(b)(2)" does not cure inaccurate descriptions of cited authority. For example, Plaintiffs represent that *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 657 (Tex. 2020), "expressly carved a fraud exception" from attorney immunity. (Doc. 76 at 22). *Bethel*, however, held the opposite. There, the Texas Supreme Court held that a general fraud exception would "significantly undercut" the purpose of attorney immunity, and merely

labeling an attorney's conduct fraudulent does not remove that conduct from immunity when it falls within the scope of legal representation. *Id.* at 657. Here, Plaintiffs identify Aldridge Pite LLP's filing of a forcible-detainer action on behalf of its client as the allegedly fraudulent conduct (Doc. 76 at 22). Filing an action for a client falls within the scope of legal representation. Plaintiffs' contrary objection is therefore overruled.

Having conducted the required review, the Court **OVERRULES** Plaintiffs' objections (Doc. 76) and **ADOPTS** the R&R (Doc. 69). Defendants Mackie Wolf; Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos; and Marvin Moore are **DISMISSED WITHOUT PREJUDICE** as nondiverse defendants previously determined to have been improperly joined. The claims against Defendants Priscilla Almodovar and Peter Akwaboah are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m). Aldridge Pite LLP is the sole remaining defendant in this action.

Plaintiffs' pending Motion for Leave (Doc. 86) is **DENIED**.

It is so **ORDERED**.

SIGNED this 28th day of July, 2026.



DAVID COUNTS
UNITED STATES DISTRICT JUDGE