**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **CHRISTINE M. MOORE and MICHAEL MOORE,** ***Plaintiffs*****,** | § | |
| **v.** | § | **MO:25-CV-00326-DC-RCG** |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); PRISCILLA ALMODOVAR; PETER AKWABOAH; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP; JOSEPH M. VACEK; SHELLEY NAIL, TRUSTEE; OCWEN LOAN SERVICING, LLC; MACKIE WOLF ZIENTZ & MANN, PC; ISRAEL SAUCEDO; ALDRIDGE PITE LLP; WILLIAM JARRELL; PAUL MARCHUK; TREVOR SHOELS; FREEDOM MORTGAGE CORPORATION; DAVID COBOS; and MARVIN MOORE;** ***Defendants*****.** | § | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

BEFORE THE COURT is Defendant Aldrige Pite's Motion for Judgment on the Pleadings or Alternatively Motion to Dismiss. (Doc. 72).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and the case law, the Court **RECOMMENDS** Defendant Aldrige Pite's Motion be **GRANTED**. (Doc. 72).

## I. BACKGROUND

On May 9, 2025, Plaintiffs Christine Moore and Michael Moore ("Plaintiffs") filed their Original Petition in the 385th Judicial District Court of Midland County, Texas, asserting claims for wrongful foreclosure, quiet title, fraud, and civil rights violations. (Doc. 1-1 at 12). Providing

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

little factual detail, Plaintiffs broadly allege on December 15, 2015, the abovenamed Defendants foreclosed on their real property located at 1001 S. County Road 1060, Midland, Texas 79706 (the "Property") without clear and lawful authority to do so. *Id.* Plaintiffs further allege "Defendants fabricated, forged, and recorded false documents to falsely assert ownership rights" and assert they were "forcibly evicted at gunpoint from their homestead based on fraudulent claims." *Id.* Plaintiffs also contend "Defendants' attorneys falsely claimed Fannie Mae owned the Property; yet Fannie Mae had denied ownership for over five years." *Id.* Based on these allegations, Plaintiffs seek actual damages in the amount of $11,140,287.36, emotional distress damages alleged to exceed $250 million, and unspecified punitive, exemplary, constitutional and civil rights damages. *Id.*

On January 13, 2026, the Court issued Reports and Recommendations ("R&R") recommending Defendants Barrett Daffin; Shelley Nail; Freedom Mortgage Corporation; and PHH and Fannie Mae's Motions to Dismiss be granted. (Docs. 30, 31, 32, 33). The District Court subsequently adopted those R&R's and dismissed those Defendants. (Doc. 56). Those dismissals left Mackie Wolf; Aldridge Pite; and Substitute Trustees Priscilla Almodovar; Peter Akwaboah; Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos, and Marvin Moore as Defendants. On July 7, applying the Fifth Circuit's improper joinder framework, the Court issued an additional R&R recommending Defendants Mackie Wolf; Joseph M. Vacek; Israel Saucedo; William Jarrell; Paul Marchuk; Trevor Shoels; David Cobos; and Marvin Moore be dismissed as nondiverse defendants previously determined to have been improperly joined. (Doc. 69). The Court further recommended dismissal of the claims against Defendants Priscilla Almodovar and Peter Akwaboah pursuant to Federal Rule of Civil

Procedure 4(m). *Id.* With the District Court's adoption of that R&R (Doc. 89), Aldridge Pite is now the only remaining defendant.

After the Court recommended dismissal of the above-named Defendants, Defendant Aldridge Pite filed the instant Motion to for Judgment on the Pleadings or Alternatively Motion to Dismiss. (Doc. 72). Plaintiffs and Defendant Aldrige Pite filed their respective Response and Reply. (Docs. 78, 87). Accordingly, Defendant Aldridge Pite Motion is ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Pleadings are considered closed upon the filing of a complaint and answer. *See* FED. R. CIV. P. 7(a) (listing allowed pleadings); *see also Mondujano v. City of Pharr, Tex.*, 786 Fed. Appx. 434, 436 (5th Cir. 2019) (stating the consideration of a 12(c) motion was timely because the motion was filed after the answer, and no other 7(a) pleadings were on file); *see also Garza v. All State Vehicle & Prop Ins.*, 22-cv-0067, 2022 WL 1046156, at *2 (S.D. Tex. Apr. 6, 2022) (stating that because both the petition and answer were filed in the state court before removal, the 12(c) motion was ripe) (citing *Mondujano*, 786 F. App'x, at 436 (5th Cir. 2019).

The standard for evaluating a motion for judgment on the pleadings is nearly identical to the standard used in evaluation a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *see also Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co., v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). The Court must determine whether the moving party is entitled to judgment as a matter of law.

*Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir. 2002). A motion brought pursuant to Rule 12(c) should "dispose of cases where material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and judicially noticed facts."

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir.

1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

Federal Rule of Civil Procedure 9(b) governs pleading standards for fraud claims, including state-law fraud claims. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338–39 (5th Cir. 2008) ("[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b).") (citing *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. 2002); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "What constitutes 'particularity' will necessarily differ with the facts of each case and hence the Fifth Circuit has never articulated the requirements of Rule 9(b) in great detail." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.,* 565 F.3d 200, 207 (5th Cir. 2009). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the

person making the misrepresentation and what he obtained thereby." *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992).

## III. Discussion

Defendant Aldrige Pite moves to dismiss Plaintiffs' claims, arguing they are conclusory, fail to meet the applicable pleading standard, and are time barred by established Texas law governing foreclosure and related proceedings. (Doc. 72 7–11). The Court addresses these arguments below.

### A. Failure to State a Claim

Defendant Aldrige Pite first argues Plaintiffs' Original Petition constitutes an impermissible "shotgun pleading" that fails to satisfy the minimal pleading standards of Rule 8(a) and therefore warrants dismissal. (Doc. 72 at 7). The Court agrees.

In their Original Petition, Plaintiffs allege causes of action for (1) wrongful foreclosure; (2) fraud and fraudulent misrepresentation; (3) quiet title; (4) trespass; (5) civil conspiracy; (6) abuse of process; (7) deprivation of rights under 42 U.S.C. § 1983; and (8) violation of Texas Constitutional Rights, Article I, Section 19. (Doc. 1-1 at 12). Plaintiffs assert generally that "Defendants wrongfully conducted [the] foreclosure sale of the Property despite having no clear title and no lawful authority to foreclose"; they "fabricated, forged, and recorded false documents to falsely assert ownership rights"; "Defendants' attorneys falsely claimed Fannie Mae owned the property"; and "Defendants' actions foreseeably and directly caused catastrophic harm to Plaintiffs and their children[.]" *Id.* at 11. Consequently, Plaintiffs' Original Petition fails to identify which of the several named Defendants allegedly engaged in what conduct. Under the federal pleading standard, "the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a)." *Shemwell v. Cannon*, 352 F.

Supp. 3d 690, 697 (N.D. Tex. 2019); *see Callier v. Nat'l United Grp., LLC*, No. 21-CV-71, 2021 WL 5393829, at *3 (W.D. Tex. Nov. 17, 2021) ("[G]eneral assertions directed at no one in particular are not sufficient to raise an inference of plausibility against a particular defendant."). This principle was further confirmed by *Cobarobio v. Midland County*, where the court held the federal pleading standard was not met by a complaint containing "global assertions of fault," "lump[ing] all Defendants together without identifying actions of any individual Defendant," and failing to "set out the specific factual allegations . . . [relating to] any particular defendant." No. 13-CV-00111, 2015 WL 13608102, at *9 (W.D. Tex. Jan. 7, 2015), *aff'd*, 695 F. App'x 88 (5th Cir. 2017); *see Stephens v. Uranium Energy Corp.*, No. 15-1862, 2016 WL 3855860, at *13 (S.D. Tex. July 15, 2016) ("The Fifth Circuit has repeatedly 'rejected the group pleading doctrine.'").

Here, Plaintiffs' allegations fall squarely within the type of improper group pleading rejected in *Shemwell*, *Cobarobio*, and *Stephens*. And although Plaintiffs attempt to add new allegations, claims, and theories in their Response (*See* Doc. 78), "claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court." *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 535 (N.D. Tex. 2021). The Court also notes Plaintiffs contend their amended complaint superseded the Original Petition, which therefore "ceased to be the operative pleading" as a matter of law. (Doc. 78). Plaintiffs, however, merely filed an amended complaint without first seeking leave of court, and at this stage of the litigation, an amendment filed without required leave "ha[s] no legal effect." *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003); *Sandolph v. Martin Marietta Materials, Inc.*, 2022 WL 22879677, at *3 (W.D.Tex., 2022)

("Plaintiff improperly filed the Amended Complaint because Plaintiff did not seek leave of court.").

Put simply, Plaintiffs' Original Petition does not tie any factual allegations to Defendant Aldrige Pite. Instead, the Original Petition pleads only identical, collective accusations against all Defendants without any factual differentiation. Courts have routinely held that such allegations cannot survive a Rule 12(b)(6) challenge because they fail to satisfy the federal pleading standard. *See Cobarobio*, 2015 WL 13608102, at *28; *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Searcy v. Knight* (*In re Am. Int'l Refinery*), 402 B.R. 728, 738 (Bankr. W.D. La. 2008). Indeed, under the federal pleading standard, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. That is, a plaintiff must allege sufficient facts to permit "the reasonable inference that the elements exist." *Innova Hosp*, 995 F. Supp. 2d at 603.

Here, Plaintiffs allege no facts regarding Defendant Aldridge Pite beyond the same undifferentiated, collective accusations made against all Defendants, making it impossible for the Court to determine what wrongdoing Plaintiffs attribute to Aldridge Pite. A complaint devoid of supporting factual detail cannot plausibly establish liability under any of Plaintiffs' theories and thus cannot survive a Rule 12(c) or 12(b)(6) challenge. *See Torch Liquidating Trust*, 561 F.3d at 384 ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery."). Because Plaintiffs' threadbare allegations fail to plead the elements of any claim with the factual specificity required under federal law, it does not provide a reasonable basis for recovery against Defendant Aldrige Pite.

In sum, Plaintiffs' allegations fail to show a reasonable probability of recovery against Defendant Aldrige Pite. The Original Petition largely groups Defendants together and relies on

conclusory allegations, without providing specific facts showing any individual defendant engaged in actionable conduct. Even if the Court accepts the allegations as true, they are insufficient to survive as Rule 12(b)(6) challenge.

**B. Statute of Limitations**

Defendant Aldrige Pite next argues the applicable statutes of limitations bar Plaintiffs' claims for § 1983 violations, quiet title, fraud and fraudulent misrepresentation, civil conspiracy, and wrongful foreclosure. (Doc. 72 at 8). The Court agrees, except as to Plaintiffs' quiet title claim.

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). Under Texas law, Plaintiffs' claims for § 1983 violations, fraud and fraudulent misrepresentation, civil conspiracy, and wrongful foreclosure are subject to statutes of limitations that expired years before this lawsuit was filed. Claims brought under § 1983 borrow the forum state's general statute of limitations for personal injury actions. *See Jenkins v. Tahmahkera*, 151 F.4th 739, 747 (5th Cir. 2025) (quoting *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018)). In Texas, that period is two years. TEX. CIV. PRAC. & REM. CODE § 16.003. Claims for fraud and wrongful foreclosure are subject to a four-year statute of limitations. *See Bardere v. Hughes, Watters & Askanase, LLP*, No. 12-CV-05125, 2013 WL 12126276, at *1 (N.D. Tex. Mar. 28, 2013), *R. & R. adopted*, 2013 WL 12126277 (N.D. Tex. June 28, 2013) (citing *Martin v. Cadle Co.*, 133 S.W.3d 897, 905

(Tex. App.—Dallas 2004, pet. denied); TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4)). And because civil conspiracy is a derivative claim that depends on the existence of an underlying tort, and because Plaintiffs' underlying tort claims are time-barred, the civil conspiracy claim is likewise barred. *See Tilton v. Marshall,* 925 S.W.2d 672, 680 (Tex. 1996).

That is because claims accrue (under either federal or Texas law) "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (quoting *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012)); *see, e.g.*, *Williams v. Kroger Tex., L.P.*, No. 16-CV-1631, 2016 WL 5870976, at *3 n.1 (N.D. Tex. Oct. 16, 2016) ("The statute of limitations for a personal injury cause of action under Texas law begins to run from the date a wrongful act causes an injury." (citing *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998))). Put another way, for accrual, "the proper focus is on the time of the [allegedly wrongful] act, not the point at which the consequences of the act become painful." *Iwuala v. Country Wide Financial*, No. 25-CV-1404, 2025 WL 3759291, at *2 (N.D. Tex. Dec. 10, 2025) (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

Although Plaintiffs' Original Petition is not a model of clarity and fails to specify which causes of action are asserted against which Defendants, the allegations nevertheless fail to raise a reasonable inference the acts complained of first occurred in—or were undiscoverable prior to—May 2021, four years before this lawsuit was filed. (*See* Doc. 1-1 at 11). Instead, each of Plaintiffs' claims arises from the foreclosure sale of the Property that occurred on December 15, 2015. *Id.* Because Plaintiffs did not file this action within the applicable statutory periods, their claims for § 1983 violations, fraud and fraudulent misrepresentation, civil conspiracy, and wrongful foreclosure are barred by the applicable statutes of limitations and should be dismissed.

Plaintiffs' quiet title claim, however, stands on a different footing. A four-year statute of limitations applies to a quiet title action only where it is alleged that the deed is *voidable*; there is no statute of limitations bar "where a deed of trust is absolutely *void*." *See Wiltse v. Carrington Mortg. Servs.*, LLC, No. 12-CV-680, 2002 WL 12883037, at * 3 (N.D. Tex. Dec. 28, 2012) (citations omitted) (emphasis added); *Ford v. Exxon Mobile Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied). Here, Plaintiffs allege not only that Defendants wrongfully conducted a foreclosure sale of the Property despite having no clear title and no lawful authority to foreclose, but also that Defendants "fabricated, forged, and recorded false documents to assert ownership rights." (Doc. 1-1 at 11). Under Texas law, a forged document is *void ab initio*, not merely voidable. *See Jones v. Patterson*, No. 11-17-00112-CV, 2019 WL 2051301, at *5 (Tex. App.—Eastland May 9, 2019, no pet.). And because Plaintiffs are proceeding *pro se*, their pleadings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Construed liberally, Plaintiffs' Original Petition can be read as alleging the deed of trust is absolutely void and therefore not subject to a statute of limitations bar. *See Wiltse*, 2012 WL 12883037, at *3. Thus, because Plaintiffs' Original Petition could be read as asserting a quiet title action where it is alleged that the deed of trust is absolutely void, the Court finds that claim is not subject to a statute of limitations bar.

Accordingly, to the extent Plaintiffs assert causes of action against Defendant Aldrige Pite for § 1983 violations, fraud and fraudulent misrepresentation, civil conspiracy, and wrongful foreclosure, those claims should be deemed time-barred. Plaintiffs' quiet title claim, however, should not.

## IV. RECOMMENDATION

In accordance with the above discussion, the Court **RECOMMENDS** Defendant Aldrige Pite's—the sole Defendant remaining in this case—Motion for Judgment on the Pleadings or alternately Motion to Dismiss be **GRANTED** for failure to state a claim upon which relief may be granted. (Doc. 72). The Court further **RECOMMENDS** Plaintiffs' claims against Defendant Aldrige Pite for § 1983 violations, fraud and fraudulent misrepresentation, civil conspiracy, and wrongful foreclosure be **DISMISSED WITH PREJUDICE**, as they are time-barred. Lastly, the Court **RECOMMENDS** Plaintiffs remaining claims for quiet title, trespass to try title, abuse of process, and violations of Texas constitutional rights against Defendants PHH and Fannie Mae be **DISMISSED WITHOUT PREJUDICE**.

SIGNED this 30th day of July, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).