**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **CHRISTINE M. MOORE and MICHAEL MOORE,** ***Plaintiffs,*** | § | |
| **v.** | § | **MO:25-CV-00326-DC** |
| **ALDRIDGE PITE LLP,** ***Defendant.*** | § | |

**ORDER**

Before the Court is U.S. Magistrate Judge Ronald C. Griffin's Report and Recommendation (Doc. 91), which recommends granting the final remaining Defendant's Motion for Judgment on the Pleadings or Alternatively Motion to Dismiss (Doc. 72), and Plaintiffs' objections (Doc. 92). Plaintiffs object on numerous grounds, many of which are difficult to decipher and few of which meaningfully engage with the Magistrate Judge's findings or recommendations.

The Court has conducted a *de novo* review of those portions of the R&R to which Plaintiffs lodged sufficiently specific objections and has reviewed the remainder for clear error. 28 U.S.C. § 636(b)(1).

The context in which those objections arrive, however, is of concern to this Court. They are the latest installment in a sustained series of filings marked by misstatements of law, mischaracterizations of the record, fabricated quotations, and demands untethered to any rule of procedure.

To recap the past week, on July 28, 2026, this Court adopted (Doc. 89) the Magistrate Judge's previous R&R. In that order, the Court admonished Plaintiffs for filing objections

that contain "numerous misstatements of law and the record, along with generalized grievances not clearly tied to a particular finding or recommendation in the R&R." (*Id.* at 2). Although Plaintiffs certified that they verified each citation contained in those objections (Doc. 76 at 26), the Court identified multiple instances in which Plaintiff attributed propositions to cases that did not support them.

Though the Court explicitly pointed out some of these errors, the warning produced no discernible change in Plaintiffs' conduct. In fact, things only got worse. Just one day later, Plaintiffs filed a nearly thirty-page Motion for Reconsideration (Doc. 90). That motion attributed purported quotations to multiple judicial decisions in which the quoted language does not appear. It also included several misstatements of law and case holdings.

The Magistrate Judge then issued the present R&R (Doc. 91). And just one day after that, Plaintiffs filed more than twenty pages of objections (Doc. 90)—yet again peppered with citations to cases with quotations that do not exist and misstatements of law.

The same day, Plaintiffs filed a notice reminding this Court that it has taken "two solemn oaths" to uphold the law (Doc. 94), an additional notice admonishing the Clerk's office for labeling an objection as a response (Doc. 95), and a motion demanding this Court rule on all pending motions—one of which has been pending for "eight days without action" (Doc. 93 at 1). The latter rests in part on some elusive Local Rule CV-7(k), which this Court has been unable to locate.

This conduct is unacceptable. When a litigant places quotation marks around words and attributes those words to a judicial decision, they represent to the Court that the decision contains those words. When the decision does not, the filing misleads the Court. Repeatedly

presenting invented quotations and inaccurate descriptions of authority consumes scarce judicial resources, burdens opposing parties, and undermines the adjudicative process.

Plaintiffs' pro se status is not an excuse for this conduct. While the Court is mindful that pro se litigants fight an uphill battle absent the legal training afforded lawyers and that Courts should construe pro se filings liberally, neither is license to flood the docket with repeated filings drowning in fabricated or misrepresented authority. Plaintiffs appear to have mistaken the latitude afforded unrepresented litigants for freedom from the ordinary duties of accuracy and candor. No such freedom exists.

The Court is increasingly confronting filings that combine what appears to be, at least on the surface, polished legal prose with invented quotations and confident assertions unsupported by the record or the law. Whether those defects in Plaintiffs' submissions were generated by artificial intelligence, copied from an unreliable source, or created by Plaintiffs themselves is immaterial. A litigant may use whatever tools it chooses, but it may not outsource the responsibility to verify the resulting work. By signing and presenting a filing, an unrepresented party personally certifies that its legal contentions are warranted and that its factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). That is only bolstered when the litigant itself represents, unprompted, that it has verified each case. (Doc. 76 at 25–26).

Plaintiffs received an explicit warning concerning materially inaccurate filings and, within days, repeated substantially the same conduct. Their filings have required the Court to expend unnecessary time and resources. That is time diverted from litigants who present legitimate disputes and comply with the basic obligations governing federal litigation.

Plaintiffs' conduct, however, is not the basis on which the Court resolves the present R&R. The objections fail on their merits. To the extent they are intelligible and directed to a specific finding or recommendation, they either repeat arguments already considered and rejected, rely on inaccurate descriptions of the law or record, or fail to identify any error in the Magistrate Judge's analysis.

After independently reviewing the filings and any relevant law, the Court finds no error in the Magistrate Judge's reasoning or conclusions.

Accordingly, it is **ORDERED** that:

Plaintiffs' objections (Doc. 92) are **OVERRULED**;

U.S. Magistrate Judge Ronald C. Griffin's R&R (Doc. 91) is **ADOPTED**;

Defendant Motion for Judgment on the Pleadings or Alternatively Motion to Dismiss (Doc. 72) is **GRANTED**;

Plaintiffs' claims against the final remaining Defendant are **DISMISSED WITHOUT PREJUDICE**; and

All remaining pending motions, including Plaintiffs' Motion for Reconsideration (Doc. 90) and Motion for Rulings on Pending Motions (Doc. 93), are **DENIED AS MOOT**.

The Court declines at this time to initiate sanctions proceedings or impose filing restrictions. However, Plaintiffs are expressly **WARNED** that every future submission to this Court must comply fully with Federal Rule of Civil Procedure 11. Before filing any paper, Plaintiffs must personally verify that every cited authority exists, that every quotation

appears in the cited source, that every description of the record is accurate, and that every legal contention is warranted by existing law or a nonfrivolous argument for changing it.

Should Plaintiffs refile these claims or pursue substantially similar claims in another action, this Order and the conduct documented in it shall remain part of the public record and may be considered by any reviewing court to the extent appropriate. Plaintiffs' conduct in this litigation is hereby **NOTED FOR THE RECORD**.

It is so **ORDERED**.

SIGNED this 3rd day of August, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE